WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Javier Teran, | No. CV 13-193-TUC-CRP |
| Plaintiff, | **ORDER** |
| vs. | |
| Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff has filed the instant action seeking review of the final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). The Magistrate Judge has jurisdiction over this matter pursuant to the parties' consent. *See* 28 U.S.C. § 636(c). Pending before the Court are Plaintiff's Opening Brief (Doc. 15) ("Plaintiff's Brief"), Defendant's Opposition to Plaintiff's Opening Brief (Doc. 19) ("Defendant's Brief"), and Plaintiff's Reply (Doc. 25). For the following reasons, the Court remands this matter for an immediate award of benefits.

**BACKGROUND**

In October 2010, Plaintiff protectively filed applications for disability insurance benefits and supplemental social security income under the Social Security Act. (Administrative Record ("AR.") 11, 169-82, 205). Plaintiff alleges that he has been unable to work since January 15, 2009 due to back problems, arthritis in both ankles, high cholesterol, and osteoporosis. (AR. 205, 224).

Plaintiff was born on December 5, 1955, making him fifty-three years old on his alleged disability onset date of January 15, 2009. (Plaintiff's Brief, p.2). Plaintiff has a high school education and worked for more than 32 years as a loan officer. (AR. 35, 20, 239; *see*

*also* Defendant's Brief, p. 2). Plaintiff stopped working as a loan officer in March, 2008. (AR. 54). In August 2008, Plaintiff began working part-time at his son's restaurant. (AR. 225). "Plaintiff wanted his son's restaurant to be a success, so he helped him as much as he could and at the same time was able to earn a little bit of money while being in an environment that would accommodate his physical limitations." (Plaintiff's Brief, p. 2 (citing AR. 55)).

After Plaintiff's applications were denied initially and on reconsideration, Plaintiff, who was represented by counsel, appeared for a hearing before an Administrative Law Judge ("ALJ"), where Plaintiff and vocational expert ("VE") Ruth Van Vleet, testified. (AR. 31-65; *see also* Plaintiff's Brief, p. 1; Defendant's Brief, p. 2). On August 24, 2012, the ALJ issued her decision finding Plaintiff was not disabled under the Social Security Act. (AR. 11-21). Thereafter, the Appeals Council denied Plaintiff's request for review, thus rendering the ALJ's August 2012 Decision the final decision of the Commissioner. (AR. 1-7, 28-30).

Plaintiff then initiated the instant action, raising the following grounds for relief: (1) the ALJ's decision that Plaintiff could perform his past relevant work as a loan officer was improper; (2) the ALJ erred in her assessment of Plaintiff's treating provider's opinion; (3) the ALJ failed to provide a proper basis for finding lay statements were not credible; and (4) the ALJ's credibility finding was not based on substantial evidence. Plaintiff also submitted new evidence in the form of a November 2012 post-operative report for back surgery. (Plaintiff's Brief, Exh. 1).

**STANDARD**

The Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. §405(g). The factual findings of the Commissioner shall be conclusive so long as they are based upon substantial evidence and there is no legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). This Court may "set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are

1  not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d
2  1094, 1097 (9th Cir. 1999) (citations omitted).

3  Substantial evidence is "'more than a mere scintilla[,] but not necessarily a
4  preponderance.'" *Tommasetti*, 533 F.3d at 1038 (quoting *Connett v. Barnhart*, 340 F.3d 871,
5  873 (9th Cir. 2003)); *see also Tackett*, 180 F.3d at 1098. Further, substantial evidence is
6  "such relevant evidence as a reasonable mind might accept as adequate to support a
7  conclusion." *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Where "the evidence can
8  support either outcome, the court may not substitute its judgment for that of the ALJ."
9  *Tackett*, 180 F.3d at 1098 (*citing Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)).
10 Moreover, the Commissioner, not the court, is charged with the duty to weigh the evidence,
11 resolve material conflicts in the evidence and determine the case accordingly. *Matney,* 981
12 F.2d at 1019. However, the Commissioner's decision "'cannot be affirmed simply by
13 isolating a specific quantum of supporting evidence.'" *Tackett,* 180 F.3d at 1098 (*quoting*
14 *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir.1998)). Rather, the Court must "'consider
15 the record as a whole, weighing both evidence that supports and evidence that detracts from
16 the [Commissioner's] conclusion.'" *Id.* (*quoting Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir.
17 1993)).

18 **DISCUSSION**

19 SSA regulations require the ALJ to evaluate disability claims pursuant to a five-step
20 sequential process. 20 C.F.R. §§404.1520, 416.920. To establish disability, the claimant
21 must show he has not worked since the alleged disability onset date, he has a severe
22 impairment, and his impairment meets or equals a listed impairment or his residual functional
23 capacity ("RFC")[1] precludes him from performing past work. Where the claimant meets his
24 burden, the Commissioner must show that the claimant is able to perform other work, which

---

[1] RFC is defined as that which an individual can still do despite his or her limitations. 20 C.F.R. §§ 404.1545, 416.945.

- 3 -

1 requires consideration of the claimant's RFC to perform other substantial gainful work in the
2 national economy in view of claimant's age, education, and work experience.

**THE ALJ'S FINDINGS IN PERTINENT PART**

The ALJ found that although Plaintiff worked part-time at his son's restaurant after leaving his position as a loan manager, his earnings at the restaurant did not meet the criteria for substantial gainful activity. (AR. 13). "As this is a family business and the claimant testified that he spent all day there on many days, there is no way to verify how many hours the claimant works. Therefore, the [ALJ]...concludes that the claimant is not performing substantial gainful activity." (AR. 13-14).

The ALJ found that Plaintiff had the following severe impairments: back pain and fibromyalgia. (AR. 14). She determined that Plaintiff has the RFC to perform the full range of sedentary work as defined in 20 C.F.R. §§404.1567(a), 416.967(a). (AR. 17). The ALJ, after considering testimony from the VE, concluded that Plaintiff "is capable of performing past relevant work as a loan officer. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity...." (AR. 20). Therefore, the ALJ found that Plaintiff has not been under a disability as defined in th Social Security Act from January 15, 2009 through the date of her decision. (*Id.*).

**THE ALJ'S REJECTION OF TREATING DR. LIN WAS IMPROPER**

The record reflects that Jennifer Lin, M.D., has been Plaintiff's treating primary care physician since at least January 2009. (*See* AR. 349). Dr. Lin's diagnoses includes: L5-S1 degenerative disc disease with foraminal narrowing, radicular leg pain, lumbago, severe low back pain, and carpal tunnel syndrome (AR. 337, 523, 525; *see also* (AR. 355 (MRI of lumbar spine showing degenerative disc disease, grade I retrolisthesis, some facet degenerative joint disease greater on the right, moderate-to-severe left foraminal narrowing); AR. 564 (study showing carpal tunnel syndrome)). Plaintiff's medications have included Oxycodone, Percocet, Gabepintin, and Lyrica. (AR. 337, 549). Plaintiff has undergone physical therapy, facet nerve joint injection and nerve blocks that were not beneficial. (*See* AR. 549).

On May 16, 2012, Dr. Lin opined, *inter alia,* that Plaintiff could not work full-time but was limited to part-time sedentary work for three to four hours per day, and he would be expected to miss over 8 workdays per month as a result of disability and normal illnesses. (AR. 544). She also opined that Plaintiff should not drive during the work day, and should avoid using his left and right upper extremities for: power gripping, pushing and pulling; pinching with thumb and index finger; typing/small assembly, and feeling and touching. (AR. 544-45). Dr. Lin stated that the assessed limitations existed from September 2010. (AR. 545).

In February 2011, examining physician, Enrique Suarez, M.D., opined that Plaintiff did not have a severe impairment because, although an MRI showed degenerative disc disease in Plaintiff's low back, Plaintiff exhibited normal range of motion on examination. (AR. 413, 416-17). In reaching her decision, the ALJ gave "[l]imited weight" to examining Dr. Suarez' opinion because "[a] finding of restriction to sedentary work is more consistent with the overall evidence available at the hearing level." (AR. 20).

The ALJ never specifically identified the weight that she attributed to Dr. Lin's opinion. The ALJ's RFC assessment limiting Plaintiff to sedentary work is consistent with Dr. Lin's opinion; however, the ALJ's RFC assessment deviated from Dr. Lin's findings, *inter alia,* that Plaintiff could not work full-time and had manipulative restrictions. The ALJ stated that Dr. Lin's 2012 opinion was "too restrictive in light of the overall medical evidence. For example, she restricts the claimant from driving, but the evidence establishes that the claimant drives on a regular basis. He testified that he drives to work. Manipulative limitations are not supported by overall evidence. The claimant has had no diagnostic testing for carpal tunnel syndrome or other repetitive injury. The claimant works at a restaurant, which as described by the claimant, requires the use of his hands for tasks such as taking orders, working a cash register and cooking." (AR. 19).

It is well-settled that the opinions of treating physicians, like Dr. Lin, are entitled to greater weight than the opinions of examining or non-examining physicians. *Andrews v. Shalala,* 53 F.3d 1035, 1040-1041 (9th Cir. 1995). Generally, more weight is given to the

- 5 -

opinion of a treating source than the opinion of a doctor who did not treat the claimant. *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1222 (9th Cir. 2010); *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987). Medical opinions and conclusions of treating physicians are accorded special weight because treating physicians are in a unique position to know claimants as individuals, and because the continuity of their dealings with claimants enhances their ability to assess the claimants' problems. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988); *Winans*, 853 F.2d at 647; *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("A treating physician's opinion is entitled to 'substantial weight.'"); *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) ("We afford greater weight to a treating physician's opinion because he is employed to cure and has a greater opportunity to know and observe the patient as an individual.")(internal quotation marks and citation omitted); 20 C.F.R §§ 404.1527, 416.927 (generally, more weight is given to treating sources).

An ALJ may reject a treating physician's uncontradicted opinion only after giving "'clear and convincing reasons' supported by substantial evidence in the record." *Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir. 1998) (*quoting Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1995)). "Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record." *Reddick,* 157 F.3d at 725 (citing *Lester,* 81 F.3d. At 830).

"'The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.' " *Tommasetti*, 533 F.3d at 1041 (quoting *Magallanes,* 881 F.2d at 751). The Social Security Administration has explained that an ALJ's finding that a treating source medical opinion is not well-supported by medically acceptable evidence or is inconsistent with substantial evidence in the record means only that the opinion is not entitled to controlling weight, not that the opinion should be rejected. *Orn* v. *Astrue,* 495 F.3d 625, 632 (9th Cir. 2008) (citations omitted). Treating source medical opinions are still entitled to deference and,

1  "[i]n many cases, . . . will be entitled to the greatest weight and should be adopted, even if
2  it does not meet the test for controlling weight." *Orn*, 495 F.3d at 632; *see also Murray v.*
3  *Heckler*, 722 F.2d 499, 502 (9th Cir. 1983) ("If the ALJ wishes to disregard the opinion of the
4  treating physician, he or she must make findings setting forth specific, legitimate reasons for
5  doing so that are based on substantial evidence in the record.").

6        Plaintiff argues that the ALJ failed to provide specific and legitimate reasons for
7  rejecting Dr. Lin's opinion. Also according to Plaintiff, "[a]ssuming arguendo that Dr. Lin's
8  opinion was too restrictive on the two factors the ALJ pointed out, the rest of Dr. Lin's
9  restrictions [such as limitation to part-time sedentary work] still exist and establish his
10 disability." (Reply, p. 3). Moreover, Plaintiff contends that the two areas the ALJ focused
11 on were not too restrictive in light of Dr. Lin's longitudinal treatment relationship with
12 Plaintiff, exam findings, opinions from other physicians, and diagnostic results.  (*Id.*).
13 Specifically, with regard to manipulative restrictions, other doctors noted Plaintiff's
14 complaints of numbness, pain and weakness. (*See e.g.* (AR. 323 & 367-68 (when reporting
15 symptoms of September 6, 2008 TIA episode, Plaintiff complained of left arm numbness and
16 tingling and described weakness in his left hand by stating he could not hold a cup of tea);
17 AR. 397 (in February 2011, Plaintiff reported to Brian Callahan, M.D., of the Center for
18 Neurosciences, that he experienced pain starting at his lower neck and shooting down his left
19 arm, and Dr. Callahan ordered an MRI to rule out herniated disc); AR. 452, 456, & 460
20 (2010 physical therapy notes reporting Plaintiff's complaints of pain across his shoulders,
21 wrist pain and neck pain); AR. 549 & 551 (in 2012, Dr. Brakel, whose diagnosis included
22 fibromyalgia, noting Plaintiff's complaint of tingling, numbness and pain including in the
23 medial elbows, shoulders and arms); *see also* AR. 343 (July 2010 complaint to Dr. Lin about
24 arm numbness)). In October 2011, Dr. Lin diagnosed carpal tunnel syndrome, prescribed
25 wrist stretches and wrist splints, and referred Plaintiff to a neurologist. (AR. 523).  An
26 October 2012 electrodiagnostic ("EMG/NCV") study reflected evidence of mild right and
27 left carpal tunnel syndrome, with median nerve entrapment at the wrists, affecting sensory
28 and motor components, and evidence of mild bilateral distal sensory peripheral

1  polyneuropathy of the upper extremities.[2] (AR. 564). The study also revealed that: the right
2  median motor nerve showed prolonged distal onset latency; and the left median sensory, the
3  right median sensory, the left ulnar sensory, and right ulnar sensory nerves showed prolonged
4  distal peak latency. (*Id.*).

5  Moreover, the ALJ found that Plaintiff suffered from fibromyalgia. Fibromyalgia
6  "causes inflammation of the fibrous connective tissue components of muscles, tendons,
7  ligaments, and other tissue." *Benecke v. Barnhart,* 379 F.3d 587, 589 (9th Cir. 2004). The
8  cause of fibromyalgia "is unknown, there is no cure, and it is poorly-understood within much
9  of the medical community." *Id.* 379 F.3d at 590. *See also Sarchet v. Chater,* 78 F.3d 305.
10  306 (7th Cir. 1996) (fibromyalgia is "a common, but elusive and mysterious disease...").
11  Fibromyalgia "is diagnosed entirely on the basis of patients' reports of pain and other
12  symptoms." *Benecke,* 379 F.3d at 590. Although "[t]he American College of Rheumatology
13  issued a set of agreed upon diagnostic criteria in 1990,...there are no laboratory tests to
14  confirm the diagnosis." *Id.* (citations omitted). Here, Dr. Brakel found that Plaintiff "has
15  a positive response at basically all of the 18 standard pressure testing points" consistent with
16  fibromyalgia. (AR. 552). Based on the substantial evidence of record, including Plaintiff's
17  diagnosis of fibromyalgia and the ALJ's finding that he suffered from same, the ALJ's
18  rejection of Dr. Lin's limitations based on a lack of "diagnostic" testing fails.

19  The ALJ also rejected Dr. Lin's opinion because, although Dr. Lin indicated Plaintiff
20  should not drive during the workday, "the evidence establishes that claimant drives on a
21  regular basis. He testified that he drives to work." (AR. 19). Plaintiff argues that the ALJ
22  misstated his testimony: "the ALJ asked him if he EVER drove and he responded in the
23  affirmative." (Plaintiff's Brief, p. 6 (citing AR. 36)) (emphasis in original). Defendant

---

[2] The record reflects that the October 12, 2012 EMG/NCV study was submitted to the Appeals Council after the ALJ issued her decision. (AR. 6). The Appeals Council made the study "part of the record." (*Id.*). The study is properly considered here. *See Brewes v. Commissioner of Social Security Administration,* 682 F.3d 1157, 1163 (9th Cir. 2012); *Ramirez v. Shalala,* 8 F.3d 1449, 1452 (9th Cir 1993).

- 8 -

1 counters by citing Plaintiff's statements in the record indicating that "he could drive a car and
2 regularly did so." (Defendant's Brief, p. 13 (citing AR. 235, 236, 257)). Whether Plaintiff
3 drives or not, the issue is that his treating physician stated that he should not drive during the
4 work day, *i.e.* as part of his job duties. There is no showing on this record that the fact that
5 Plaintiff did drive is commensurate with driving as part of one's job duties or consistent with
6 being able to perform that function during an 8-hour work day.

7 Most of the reasons Defendant provides to support the ALJ's rejection of Dr. Lin's
8 restrictions were not cited by the ALJ as a reason to reject the doctor's opinion. The Ninth
9 Circuit has been clear that "[l]ong-standing principles of administrative law require us to
10 review the ALJ's decision based on the reasoning and actual findings offered by the
11 ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been
12 thinking." *Bray.* 554 F.3d at 1226–27 (citations omitted); *see also Stout v. Commissioner
13 of Social Security*, 454 F.3d 1050, 1054 (9th Cir.2006) ("we cannot affirm the decision of an
14 agency on a ground that the agency did not invoke in making its decision") (citations
15 omitted).

16 For the above-stated reasons, the ALJ failed to set forth specific and legitimate
17 reasons supported by substantial evidence in the record to reject Dr. Lin's assessed
18 restrictions.

19 **REMAND FOR AN IMMEDIATE AWARD OF BENEFITS**

20 Plaintiff requests that the Court credit Dr. Lin's opinion as true and remand this matter
21 for an immediate award of benefits. It is well-settled that "[w]here the Commissioner fails
22 to provide adequate reasons for rejecting the opinion of a treating or examining physician,
23 we credit that opinion as a matter of law." *Lester,* 81 F.3d at 834 (citation omitted);
24 *Hammock v. Bowen,* 879 F.2d 498 (9th Cir. 1989) (applying credit-as-true rule to medical
25 opinion evidence). *See also Garrison,* 759 F.3d 995, 1017-21 (9th Cir. 2014) (reaffirming the
26 credit-as-true rule).

27 Remand for an award of benefits is appropriate where:
28

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison,* 759 F.3d at 1020 (footnote and citations omitted); *see also Benecke,* 379 F.3d at 593(citations omitted). The *Garrison* court also noted that the third factor "naturally incorporates what we have sometimes described as a distinct requirement of the credit-as-true rule, namely that there are no outstanding issues that must be resolved before a determination of disability can be made." *Garrison,* 759 at 1020 n. 26 (citing *Smolen v. Chater,* 80 F.3d 1273, 1292 (1996)). Thus, where the test is met, the Ninth Circuit"take[s] the relevant testimony to be established as true and remand[s] for an award of benefits[,]" *Benecke,* 379 F.3d at 593 (citations omitted), unless "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison,* 795 F.3d at 1021 (citations omitted).

Here, remand for an immediate award of benefits is appropriate. The record has been fully developed and remand for further administrative proceedings would serve no useful purpose. The VE testified that full-time work would be precluded if a person can only work three to four hours a day at the sedentary level. (AR. 60). *See e.g. Garrison,* 795 F.3d at 1022 n. 28 (where the VE answered that a person with the plaintiff's RFC would be unable to work, "we can conclude that [the plaintiff] is disabled without remanding for further proceedings to determine anew her RFC."). On this record, crediting Dr. Lin's opinion as true results in the unquestionable conclusion that Plaintiff is disabled under the Act.

At first blush, Plaintiff's part-time work at his son's restaurant causes pause as to whether there is reason for serious doubt as to whether Plaintiff is disabled, notwithstanding Dr. Lin's opinion. However, closer review of the record confirms that there is no serious doubt that Plaintiff is disabled under the Act. The ALJ found that Plaintiff worked part-time at his son's restaurant. (AR. 13). Defendant points to Plaintiff's statements to treating medical sources that he: was on his feet up to 12 hours per day working at his son's restaurant (AR. 345(statement made in August 2009, when Plaintiff presented for treatment

for right ankle pain and swelling)); "has very long days at the restaurant and does anything from cooking [to] mopping the floors and serving" (AR. 343 (statement made in July 2010, when Plaintiff presented with complaints of upper back pain moving down to his lower back, pain in thighs and left arm numbness)); was the owner of a restaurant and was working long hours (AR. 319 (statement made in August 2010 when Plaintiff complained of constant back pain and stated that he does not mop anymore and that he could not take time off for physical therapy)); and is physically active at the restaurant "maybe only two to three hours a day and otherwise does clerical work in as sedentary a position as possible" (AR. 549 (statement made in July 2012 upon examination for complaints of a pain disorder)). Plaintiff testified at the June 2012 hearing before the ALJ that his wife works at the restaurant helping with cooking. (AR. 35). Plaintiff testified that he arrives at the restaurant at around 11:00 a.m. and stays there until 8:30 p.m. (AR. 39). He works from 11:00 a.m. to 12:00 p.m. or 12:30 p.m., assisting with seating customers, cashiering, and taking orders. (*Id.*). He then rests by either sitting down or lying on used boxes on the floor underneath the bar or lying down in his car. (AR. 39-41). He resumes work beginning at 5:30 p.m., for approximately two hours. (AR. 41). Plaintiff also testified that: "Sometimes I go home. I work maybe four days. I don't work all six days. And that's been several times." (AR. 45).

Plaintiff stresses that: he worked because he had to work; had he not worked for a family member he would not have been able to work; although he was at the restaurant all day, he worked less than half the time he was there, spending the remainder of the time resting; and that the restaurant is a family business where his wife spent her day as well. (Plaintiff's Brief, pp. 9-10). Additionally, Plaintiff's son, who owns the restaurant stated that his father yells at customers due to back pain and "if he weren't my father, I would've fired him a long time ago." (AR. 281).

The record reflects that Plaintiff was able to rest and lie down when he needed to and although he spent most of his day at the restaurant with his family, he actually worked on a part-time basis. Although Defendant points to Plaintiff's statements about working at the restaurant (*See* Defendant's Brief, p. 11), the record also reflects Plaintiff's consistent

- 11 -

complaints of pain at the time those statements were made.  The Seventh Circuit Court of Appeals has observed that "the fact that a person holds down a job doesn't prove that he isn't disabled, because he may have a careless or indulgent employer or be working beyond his capacity out of desperation."  *Henderson v. Barnhart,* 349 F.3d 434, 435 (7th Cir. 2003).  Clearly, Plaintiff's employer–his son in this case–is indulgent. (*See* AR. 281).  Plaintiff's complaints to his treating physicians also suggest that his activities at the restaurant are beyond his capacity and such a conclusion is consistent with Dr. Lin's assessment limiting Plaintiff to part-time sedentary work.  Consequently, this Court has no reason for serious doubt as to whether Plaintiff is disabled under the Act.

**CONCLUSION**

The record is fully developed and, when considering the record as a whole, there is no reason for serious doubt as to whether Plaintiff is disabled.[3]  Plaintiff's treating physician opined that he was restricted to part-time sedentary work. The ALJ failed to set forth specific and legitimate reasons supported by substantial evidence for rejecting that opinion.  The VE agreed that if Plaintiff would be precluded from full-time work if he were limited to sedentary work for three to four hours per day. Plaintiff is, therefore,  entitled to benefits.  Accordingly,

IT IS ORDERED that this action is REMANDED to the Commissioner for immediate calculation and award of benefits.

The Clerk of Court is DIRECTED to enter Judgment accordingly and to close its file in this matter.

DATED this 30th day of September, 2014.

_____
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE

---

[3]Because Plaintiff has established that he is disabled under the Act in light of the ALJ's erroneous rejection of Dr. Lin's opinion, there is no need to address Plaintiff's alternative arguments.